**SAHARA–TAHOE CORPORATION,**
Petitioners,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 75–2036.

United States Court of Appeals,
Ninth Circuit.

March 29, 1976.

Everett F. Meiners (argued), Los Angeles, Cal., for petitioners.

Paul J. Spielberg (argued), NLRB, Washington, D.C., for respondent.

Before TRASK and GOODWIN, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

This is a petition to review an order of the National Labor Relations Board which followed findings on two unfair labor practices on the part of the management of a hotel. We enforce the order in part and deny enforcement in part.

The alleged violations of the National Labor Relations Act § 8(a)(1) and (3), 29 U.S.C. § 158(a)(1) and (3) (1970), consisted in the discharge of Audrey J. Hewitt, an employee, because of her activities on behalf of a labor union. We have reviewed the evidence and have concluded that the findings of the administrative law judge, which were ratified by the Board, are supported by substantial evidence in the record considered as a whole. The remedy provided in the Board's order (reinstatement and other relief) is correct as a matter of law, and the order in this respect is entitled to be enforced.

The alleged violation of Section 8(a)(1) in the unlawful and coercive interrogation of waitress Bernice Eggerman is not supported by evidence. The evidence was that a supervisory employee asked Ms. Eggerman if she was "going to join the union." The efforts of the union and the general counsel to build this relatively innocuous question into an unfair labor practice falls short of proof of the necessary coercive atmosphere to make this a violation. Some anxiety may have followed in the wake of the firing of the union organizer, Ms. Hewitt, but the conversation with Ms. Eggerman preceded the Hewitt discharge. The findings of fact indicate that the Eggerman episode occurred "early in July" and the Hewitt episode occurred July 27, 1974. The record reveals no coercive behavior on the part of the management prior to or contemporaneous with that conversation. Ms. Eggerman, who testified about the conversation, as did other witnesses, expressed no awareness of anti-union pressure from management. Counsel had every opportunity to bring out evidence of coercion if it existed.

The Board will present a form of order providing appropriate relief to Ms. Hewitt and omitting reference to the alleged coercive interrogation.

Judgment will be entered upon the presentation of a proper order.

---

* The Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.